**Application of W. Rodney DeVILLIERS for Reinstatement to the Practice of Law in Oklahoma.**

**S. C. B. D. No. 2406.**

Supreme Court of Oklahoma.

Nov. 5, 1974.

W. Rodney DeVilliers, pro se.

Paul M. Vassar, Gen. Counsel, Oklahoma Bar Association, Oklahoma City, for respondent.

LAVENDER, Justice:

W. Rodney DeVilliers was admitted to practice law in the State of Oklahoma in 1951. That year he received an LL.B. Degree from the University of Oklahoma and had an outstanding record. He actively engaged in the legal profession at Miami, Oklahoma, until 1956. At that time, he moved to Albuquerque, New Mexico, where he resided until 1974. He entered business in New Mexico and did not practice law there. He retained his membership in the Oklahoma Bar Association on an active status and infrequently tried cases in Oklahoma. On September 11, 1970, he was suspended from membership for failure to pay the annual dues required for membership in the Oklahoma Bar Association. Thereafter and on January 21, 1972, his name was stricken from the roll of attorneys for the same reason. DeVilliers sought reinstatement to membership in the bar association in October 1973. In accordance with the Rules of the Bar Association an investigation was made by the General Counsel of the association including a hearing on February 20, 1974. The General Counsel filed his findings and recommendations to the Board of Governors April 5, 1974. That body made findings which were all favorable to the applicant except one finding—that he does not possess good moral character which would entitle him to be reinstated. The Board recommended the disapproval of the application for reinstatement to the practice of law in Oklahoma.

In response to applicant's letter of May 10, 1974, and under date of July 24, 1974, this court entered an order extending permission for him to file exceptions to the Report and Findings of the Board of Governors, together with brief in support thereof. This the applicant did.

The only issue on review is that of possession of good moral character. The applicant was suspended and subsequently stricken from the membership rolls of the Association for non-payment of dues. No disciplinary investigation or proceeding was involved. He voluntarily chose by his own act to no longer be a member of the Oklahoma Bar Association. This required the Board of Governors to strike him from the membership roll. Oklahoma Statutes 1971 § 5, Ch. 1—App. 1 Rules—Bar Association, Art. 8 § 4.[1]

This section then reads:

"Thereafter (upon being stricken from the rolls), if he desires to become a member of the Association, he will be required to make application for reinstatement, as hereinafter provided." (Explanation added)

This then becomes a reinstatement as controlled by Art. 10 § 18 of the Rules. That section is introduced by the language, "A member of the Association whose name has been stricken from the Roll of Attorneys for non-payment of dues, * * * may be reinstated only on the following procedure:". That procedure was followed in this case.

 Sub-paragraph (h), Art. 10 § 18 sets forth principles which serve as guidelines in reinstatement matters. It includes a petitioner who has been disbarred or suspended or who has resigned pending disciplinary proceeding or investigation. It expressly omits the inclusion of a member whose name is stricken for non-payment of dues. We believe in that instance, and in the application here involved, these rather severe and harsh provisions are not applicable. This does not excuse the requirement that one must possess good moral character as one of the conditions for reinstatement to the practice of law.

1. Hereafter in this opinion citation of the Rules of the Bar Association shall be only by Article and Section.

While residing in New Mexico this applicant chose not to become a member of that bar but rather to pursue a business career. He did remain a member of the Oklahoma Bar Association.

This applicant encountered business successes and reversals. He became involved in civil litigation which was both protracted and complicated. A substantial judgment was rendered against him which became final. It is reported as DeVilliers v. Atlas Corporation, 360 F.2d 292 (10 Cir. 1966). The actions of the applicant which were the subject of suit occurred from 1957 through 1960. Other litigation followed that judgment in attempts to satisfy the judgment against the applicant. This resulted in another opinion being issued by the Tenth Circuit Federal Court of Appeals, Atlas Corporation v. DeVilliers, 447 F.2d 799 (1971). The acts of the applicant complained about in that opinion involved efforts to defeat a levy on certain stock and an incident relative thereto as to a federal marshal. The applicant was found guilty of civil contempt and was fined. These actions occurred from approximately April, 1969, to judgment in the trial court on June 1, 1970.

It is the language and the actions of the applicant as reported in these two opinions that appear to be the principal evidence upon which the Board of Governors based their finding of lack of good moral character which would entitle the applicant to be reinstated.

The applicant presented a most impressive collection of recommendations and statements as to his present good moral character. Some of these submissions indicated they knew of his business reversals and some indicated they were aware of the applicant's involvement in litigation.

"While testimony as to character and reputation should be limited to a period reasonably close to the time involved, remoteness, if not too great, goes to the weight, rather than to the admissibility of the evidence." See 32 C.J.S. Evidence §

434 General Reputation, b, Time to Which Evidence Relates, at p. 46.

The reported acts of the applicant as found in the published opinions are too remote in time to overcome the evidence of present good moral character as shown by the written recommendations.

We are of the opinion the applicant met the burden of proof and established his present possession of good moral character so as to be entitled to reinstatement to the practice of law.

It is important to note this applicant was never the subject of a disciplinary investigation or proceedings by the Oklahoma Bar Association.

The recommendation of the Board of Governors is not approved and the Oklahoma Bar Association is ordered to reinstate W. Rodney DeVilliers to the practice of law in Oklahoma.

All of the Justices concur.